UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RONALD CRAIG SPEIGHT,<br><br>Defendant. | Criminal Action No.  12-270-7 (JEB) |

### MEMORANDUM OPINION

Indicted with six others for conspiracy to distribute heroin, Defendant Ronald Craig Speight alone presses for a trial as soon as possible.  Speight and his lawyers have forcefully asserted his speedy-trial rights at every opportunity.  Unfortunately for Speight, however, his Speedy Trial Act clock mirrors that of his slowest moving co-Defendant.  And because severance is unwarranted at this juncture, Speight's clock will remain at zero days until at least May 15.  Before considering Speight's efforts to move the proceedings along, this Opinion will lay out the Speedy Trial Act framework and calculate Speight's current speedy-trial clock.

Although the Sixth Amendment also requires "a speedy and public trial," Speight rightly bases his challenge only on the Speedy Trial Act, which reads, "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."  18 U.S.C. § 3161(c)(1). In counting those seventy days, certain periods of delay "shall be excluded."  18 U.S.C. § 3161(h).  Two exclusions are in play here.  First, the Act excludes "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom

the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). Under this co-defendant exclusion, "[a]ll defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant." Henderson v. United States, 476 U.S. 321, 323 n.2 (1986). That means "an exclusion applicable to one defendant applies to all codefendants." United States v. Saro, 24 F.3d 283, 292 (D.C. Cir. 1994) (citation omitted). "[U]pon the addition of a new co-defendant," moreover, "all defendants' speedy trial clocks are reset to day zero." United States v. Van Smith, 530 F.3d 967, 970 (D.C. Cir. 2008); see also id. at 971-72. Second, the Act excludes delay "if the judge granted [a] continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

As the path of Speight's prosecution has been somewhat circuitous, some detail here proves helpful. The prosecution began in criminal case number 12-276, which charged Speight and Raymond Proctor with conspiracy to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 846. Proctor was arrested and arraigned immediately, and Speight was arrested and arraigned on January 7, 2013. Thirty-four days elapsed between his arraignment and when the Court began excluding time under the Speedy Trial Act in the interests of justice, see 18 U.S.C. § 3161(h)(7), for the reasons given at the February 11th and February 26th status hearings. The last order excluded time until April 22.

Simultaneously, the Government pursued a separate case with similar facts. Criminal case number 12-270 also charged a conspiracy to distribute heroin – this time one kilogram or more. The first Superseding Indictment alleged that six people participated in the conspiracy, including Proctor (but not yet Speight). For the entire case, the speedy-trial clock for all

defendants in 12-270 has stood at zero: One defendant, Alvin Banks, first appeared in court on the charge on March 8.  As "[a]ll defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant," Henderson, 476 U.S. at 323 n.2, the clock in 12-270 could not run for anyone until Banks appeared.  For reasons stated during hearings on January 16 (for everyone except Banks) and March 8 (for Banks), the Court then excluded time in 12-270 in the interests of justice until March 19.

On March 13, the Court granted the Government's unopposed motion to join the indictments in 12-270 and 12-276 for purposes of trial under Federal Rule of Criminal Procedure 13.  That March 13 joinder reset Speight's speedy-trial clock to zero.  To explain, when defendants with ticking clocks are joined together, each defendant's speedy-trial clock is "synchronized with the clock of the defendant with the most time remaining."  United States v. Lightfoot, 483 F.3d 876, 886 (8th Cir. 2007); see also 5 Wayne R. LaFave *et al.*, Criminal Procedure § 18.3(b), at 144 n.36 (3d ed. 2007 & Supp. 2012-2013).  In this case, the speedy-trial clock for all defendants in 12-270 sat at zero on March 13.  When Speight's case joined that case, therefore, his clock correspondingly dropped to zero.  See Lightfoot, 483 F.3d at 886-87 ("[I]n those cases where a defendant whose speedy trial clock has not yet commenced is joined with a defendant whose speedy trial clock had already started running . . . [t]he other defendant's clock, for all practical purposes, may be considered reset to zero because it will be synchronized to the speedy trial clock of the codefendant.").

On March 19, 2013, a superseding indictment in 12-270 combined the two cases, alleging that all Defendants (including Speight) participated in a single conspiracy to distribute a kilogram or more of heroin in violation of 21 U.S.C. § 846.  The same day, the Court held another status hearing.  For the reasons stated on the record, the Court again tolled the Speedy

Trial Act for all Defendants in the interests of justice until May 15. (The Court had already excluded, in various status hearings, the time between March 13 and March 19 for all Defendants in the interests of justice.) Because Speight was the lone Defendant who would not consent to the exclusion of time at the March 19 hearing, the Court made its ruling without prejudice to Speight, allowing him to file objections.[1]

The Court interprets this Motion to raise such an objection. It concludes, however, that time was properly excluded as to Speight until May 15 in the interests of justice. This is a complex case, an allegedly lengthy and far-reaching conspiracy involving a great deal of discoverable evidence, including wiretaps. See 18 U.S.C. § 3161(h)(7)(B)(ii) (listing factors to be considered in excluding time in the interests of justice, including whether "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section"). During the excluded time, Defendants can review the materials being produced by the Government, and both sides can engage in meaningful plea discussions. Indeed, this is why all of his co-Defendants were amenable to the time exclusion. In any event, the dispute about Speight's exclusion is academic. As long as he is joined to his co-Defendants, reasonable exclusions of time for the others – like the exclusion until May 15 – will likewise delay Speight's speedy-trial clock, and his clock will stay at zero. See Saro, 24 F.3d at 292.

Recognizing that he is stuck as long as his trial is joined to his co-Defendants' trials, Speight alternatively moves to sever. Joinder rules permit an indictment to charge defendants

---

[1] In their filings, the Government and Speight disagree about whether the Court excluded time for him on March 19. To resolve the dispute, the Court reviewed the recordings from the hearing and determined that it had excluded time for Speight without prejudice for him to revisit the issue in a motion. The Minute Entry from that day will be revised to correctly reflect what transpired.

together "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b).  Yet, "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).  The Supreme Court has recognized "a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993).  "[T]his preference is especially strong when the respective charges require presentation of much the same evidence, testimony of the same witnesses, and involve two defendants who are charged, *inter alia*, with participating in the same illegal acts." United States v. Wilson, 605 F.3d 985, 1016 (D.C. Cir. 2010) (internal quotation marks omitted).  For defendants properly joined under Rule 8(b), "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539.  Severance may be warranted, for example, when "many defendants are tried together in a complex case and they have markedly different degrees of culpability," when evidence will be introduced "that is probative of a defendant's guilt but technically admissible only against a codefendant," or when "essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial." Id.  Merely gaining a better chance at acquittal from a separate trial, however, is not enough.  See id. at 540.

In this case, Speight has registered no specific prejudice he expects from a joint trial.  Nor could he at this early stage, when the evidence to be used at trial – and even the co-Defendants he would be jointly tried with – remain unknown.  Severance is particularly disfavored in

conspiracy cases such as this, moreover.  All conspirators can be held responsible for acts committed by one conspirator in furtherance of the conspiracy, see Pinkerton v. United States, 328 U.S. 640 (1946), meaning that evidence will likely overlap.  See, e.g., United States v. Wilson, 481 F.3d 475, 482 (7th Cir. 2007) ("[T]here is a strong preference that co-conspirators be jointly tried, particularly when they were indicted together."); United States v. Soto-Beniquez, 356 F.3d 1, 29 (1st Cir. 2003) ("Because conspiracy cases often involve evidence that is admissible against all members of the conspiracy, in the context of conspiracy, severance will rarely, if ever, be required.") (internal quotation marks omitted); United States v. Spinelli, 352 F.3d 48, 55 (2d Cir. 2003) ("Joint trials are often particularly appropriate in circumstances where the defendants are charged with participating in the same criminal conspiracy, as is the case here.").  The short delay in Speight's trial here falls far short of what would be needed to justify severance.

For the reasons set forth above, the Court will deny Defendant Speight's Motion in a separate Order to be issued this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  April 25, 2013